IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH E. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:09cv1018-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff Kenneth E. Sanders applied for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-433, 1381-1383c.  Plaintiff's applications were denied at the initial administrative level.  Plaintiff then requested and received two hearings before an Administrative Law Judge (ALJ).  Following the second hearing, the ALJ also denied the claims.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c),

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #15); Def.'s Consent to Jurisdiction (Doc. #14). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-two years old at the time of the hearing before the ALJ, and had a high school education (Tr. 20). Plaintiff's past relevant work experience was as a power line worker. *Id*. At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. *Id*.[5] At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: degenerative disc disease in the lumbar spine, bilateral degenerative joint disease in the knees; and status post left knee arthroscopy. (Tr. 12). However, the ALJ determined that neither Plaintiff's impairments, nor a combination of his impairments, meets or medically equals one of the listed impairments. (Tr. 14). Next, the ALJ found that Plaintiff retained the RFC to perform less than the full range of light work with certain non-exertional restrictions. *Id*. At Step 4, the ALJ found that Plaintiff is unable to perform past relevant work. (Tr. 20). Next, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy that claimant can perform," including: "cashier II, mail clerk, and [courier]." (Step 5) (Tr. 20-21). Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. (Tr. 21).

---

[5] Although the ALJ found that Plaintiff's earnings record reflected earnings "well in excess of the threshold amount for substantial gainful activity," the ALJ deferred a determination at Step 1 "for decisional purposes." (Tr. 11).

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents two claims for this Court's review: (1) whether the ALJ properly analyzed Plaintiff's subjective complaints of pain; and (2) whether the ALJ properly calculated the RFC. Pl.'s Brief (Doc. #10) at 12 & 16.[6] The Court will address these claims below.

### A. *Plaintiff's subjective complaints of pain*

In Sections I & III of his brief, Plaintiff argues that the ALJ erred in rejecting Plaintiff's complaints of disabling pain. However, Plaintiff's Sections I & III appear to contradict each other. In Section III, Plaintiff argues that the ALJ failed to properly apply the standard for evaluating pain as set forth by the Court of Appeals for the Eleventh Circuit. Pl.'s Brief (Doc. #10) at 15-16. The Court of Appeals for the Eleventh Circuit has articulated its pain standard, governing the evaluation of a claimant's subjective testimony about pain, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Plaintiff states that the ALJ failed

---

[6] Although Plaintiff's brief sets forth three claims for relief, as is explained in this opinion, the first and third issue are intertwined and will be discussed together.

to apply this standard or to even reference it in his opinion. Pl.'s Brief (Doc. #10) at 15. This directly conflicts with Plaintiff's statement in Section I of his brief that "the ALJ determined that the claimant's underlying physical or mental impairment could reasonably be expected to produce the claimant[']s pain." *Id*. at 12. Indeed, the central argument in Section I is that, after first applying the pain standard, at the next step the ALJ improperly rejected Plaintiff's subjective complaints. In other words, Plaintiff argues in Section III that the process by which the ALJ improperly rejected Plaintiff's complaints of pain (in Section I) never happened. This is a conflicting argument.

Plaintiff's Section I is correct. The ALJ did apply and recite the pain standard, and found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 19). The ALJ then turned to the question of the credibility of Plaintiff's subjective complaints of pain. *See*, *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). Plaintiff argues in Section I that the ALJ erred in finding the complaints to be incredible and failed to articulate his reasons with specificity. See *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility.").

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [the symptoms of pain] are not credible to the extent they are inconsistent with the above" RFC. (Tr. 19). Throughout the decision, the ALJ specified his basis for not

finding Plaintiff's complaints credible. The ALJ cited to the fact that both Dr. Konsens and Dr. DeHaven released Plaintiff to light work. (Tr. 16-17). The ALJ also pointed out that Plaintiff's treatment has been generally routine, that no doctor has opined that Plaintiff was disabled, and that Plaintiff's recent work history and daily activities were inconsistent with his testimony of disabling pain. (Tr. 15-19).

Thus, Plaintiff is incorrect that the ALJ failed to articulate specific reasons for rejecting Plaintiff's subjective complaints of pain. Further, the court has reviewed the reasons set forth by the ALJ and finds them to be supported by substantial evidence and without error.

### B.   *The RFC*

Plaintiff challenges the RFC findings by Dr. Vanderzyl as "fundamentally flawed," because he "used x-rays to confirm his impressions yet it is clearly documented by [Plaintiff's] primary physician Dr. DeHaven that the claimant's spinal problems were not identified on x-ray but rather only showed on an MRI of the spine, thereby putting [the] credibility of Dr. Vanderzyl's impressions in question." Pl.'s Brief (Doc. #10) at 14. The Commissioner counters, stating "Plaintiff is mistaken. Dr. Vanderzyl specifically referenced Plaintiff's MRI when discussing the medical record (Tr. 287)." Def.'s Brief (Doc. #12) at 11.

The Commissioner is correct; Dr. Vanderzyl specifically discussed his review of a DVD copy of Plaintiff's MRI when making the RFC determination. (Tr. 287). The court also

8

notes that after ordering and reviewing the MRI, Dr. DeHaven released Plaintiff to light duty status. (Tr. 280).

The court has reviewed the RFC determination and finds that it is supported by substantial evidence.

## V.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is supported by substantial evidence and is, therefore, AFFIRMED.  A separate judgment will issue.

DONE this 19th day of October, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE